TWELVE THOUSAND THREE HUNDRED AND FORTY-SEVEN BAGS OF SUGAR (UNITED STATES v.). See Cases Nos. 16,555 and 16,556.

TWENTY BARRELS OF DISTILLED SPIRITS (UNITED STATES v.). See Cases Nos. 16,557 and 16,558.

TWENTY CASES OF MATCHES (UNITED STATES v.). See Case No. 16,559.

TWENTY-EIGHT BAGS OF COTTON, PROCEEDS OF (PEABODY v.). See Case No. 10,869.

## Case No. 14,281.

### TWENTY-EIGHT CASES OF WINE.

[2 Ben. 63; [1] 7 Int. Rev. Rec. 4; 1 Am. Law T. Rep. U. S. Cts. 15.]

District Court, S. D. New York. Dec., 1867.

CUSTOMS DUTIES—FORFEITURE—UNDERVALUATION—REAPPRAISEMENT—EVIDENCE.

1. Revenue laws are not penal in the sense that requires them to be construed with great strictness in favor of defendants

2. There cannot be a reappraisement, on appeal, of imported goods, unless there has been an entry of the goods.

[3] [From 15 Int. Rev. Rec. 26.]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

3. Therefore, where, on the trial of an action to forfeit goods for alleged undervaluation, no invoice or entry of the goods was proved, but it appeared that papers purporting to be an invoice and entry had been in the possession of the district attorney, but had disappeared, and it also appeared that the goods had been appraised at the custom house, but the papers on such appraisement had also disappeared, and that an appeal was taken from that appraisement, on which appeal a reappraisement was had, the papers on which were proved. Held, that it was not error for the court to tell the jury that they had a right to presume, from the evidence, that there was an entry of the goods.

This was a motion for a new trial on the ground of alleged misdirection by the court to the jury. [Case tried Dec. 30, 1867.] [2] The case was a libel of information on a seizure for fraudulent undervaluation in the invoice of twenty-eight casks of wine, imported in the ship Emma, from Rotterdam [shipped at Rotterdam October 24, 1864, and invoiced at Markhammer September 26, 1864]. [2] No entry or invoice was put in evidence. It appeared that two papers, purporting to be an entry and an invoice in the case, had been in the possession of the district attorney, but had disappeared, and, on proper search, could not be found either in his office or in the custom house. It also appeared, that an appraisement of the wine, in the usual manner, had been made in the custom house, but that the papers on such appraisement had also disappeared, and could not be found. An appeal was taken from that appraisement, and a reappraisement was made by the general appraiser and a merchant appraiser, January 10th, 1865, with the aid of experts as witnesses. The official papers on such reappraisement were put in evidence. The invoice value was 1,870.56 florins, the appraised value 2,364.07 florins, and the reappraised value 2,282.27 florins. The chief clerk in the general appraiser's office testified, that he made up such official reappraisement papers from the original invoice which he had before him at the time, and that such invoice came to him as a part of the papers on the appeal from the appraisement. One of the claimants testified, that the claimants Meyer & Baer received the wine and unloaded it and put it in their cellar; that he visited the custom house in relation to the wine; and that he presumed it was entered at the custom house, although he was on his way from Europe when the wine arrived. The forfeiture of the goods was claimed under the sixty-sixth section of the act of March 2, 1799 (1 Stat. 677), the fourth section of the act of May 28, 1830 (4 Stat. 410), and the first section of the act of March 3, 1863 (12 Stat. 738). The sixty-sixth section of the act of March 2, 1799, provides for the forfeiture of goods entered on a fraudulent invoice, and makes an entry a prerequisite to a forfeiture. The fourth section of the act of May 28, 1830, is to the same effect in substance. The first section of the act of

[2] [From 7 Int. Rev. Rec. 4.]

March 3, 1863, provides for the forfeiture of goods entered or attempted to be entered by means of any false or fraudulent paper. Therefore, in the present case, it was necessary there should have been an entry, or an attempt at an entry, of the goods. The court charged the jury that they had a right, from the evidence, to presume that there was an entry, although there was no direct evidence of one. The jury found a verdict for the government, condemning the goods, and the claimants now moved for a new trial, on the ground that the court erred in such instruction in regard to the entry.

B. K. Phelps, for the United States.
M. V. B. Wilcoxson, for claimants.

BLATCHFORD, District Judge. By the revenue laws, it is necessary that an invoice should be presented to the collector at the time of entry. In this case, an invoice was found in the possession of the custom house, and, although it was not produced, its loss and contents were proved. The fact that the officials had an invoice of the goods might not, of itself, have been sufficient evidence on which to presume an entry, even though an appraisement of the goods had been shown. For an appraisement may be had as well of goods which are not entered or invoiced, as of those which are. But no reappraisement on appeal can take place unless there is a previous entry, followed by an appraisement. The fact of reappraisement is, therefore, prima facie evidence of an entry, sufficient to throw the burden of proof on the claimant to show that there was no entry, and to warrant the jury in finding in favor of the presumption that there was an entry, if no opposing evidence is offered. 1 Greenl. Ev. §§ 33, 34. The officers of the customs would have failed in their duty if they had allowed a reappraisement, on an appeal by the importer, unless he had previously made an entry of the goods. It is a presumption of law, that all public officers perform their proper official duties until the contrary is proved; and, where a reappraisement is to be made only upon its appearing to the collector that there has been a previous entry of goods, the fact that the reappraisement has taken place, is prima facie evidence that the previous entry was made. Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448, 458; Turner v. Yates, 16 How. [57 U. S.] 14, 26.

I think that the instruction to the jury was correct, and that the motion for a new trial must be denied. Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong, and promote the public good, and they should be so construed as to carry out the intention of the legislature in passing them, and most effectually accomplish these objects. Cliquot's Champagne, 3 Wall. [70 U. S.] 114, 145. In the present case, it was perfectly open to the claimants to rebut the prima facie evidence of an entry, by showing that none had been made, but they offered no evidence of the kind. The jury, on a submission of the question to them, found that there was an undervaluation in the invoice, and that it was fraudulent, and I see no reason to disturb the verdict. Motion denied.

TWENTY-EIGHT CASKS OF WINE (UNITED STATES v.). See Case No. 14,281.

TWENTY-EIGHT PACKAGES OF PINS (UNITED STATES v.). See Case No. 16,561.

TWENTY-FIVE BARRELS OF ALCOHOL (UNITED STATES v.). See Case No. 16,562.

TWENTY-FIVE CASES OF CLOTHS (UNITED STATES v.). See Case No. 16,563.

TWENTY-FIVE CASES OF SILKS (HARTSHORN v.). See Case No. 6,168a.