CAPTAIN A. D. HANSEN *v.* UNITED STATES

No. 4584.—Seizure No. 1508.
Arrived at San Francisco, Calif., January 14, 1936.

Third Division, Appellate Term

(Decided May 31, 1939)

*Philip Stein* for the appellant.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector* and *Richard F. Weeks*, special attorneys), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is an application for review of the decision of the trial judge (Reap. Dec. 4459) in sustaining a motion by defendant to dismiss an appeal for a reappraisement on the ground that the court has no jurisdiction of the case because the plaintiff did not comply with all the provisions of the act of 1930 relating to the entry of the merchandise.

The facts of the case are accurately set forth in the decision below as follows:

From the record it appears that while the steamship *General Lee* was at Shanghai, China, a Chinese peddler intrusted to the ship's barber a particular suit case containing certain articles intended for sale to passengers in the hope that a profit might accrue. When the vessel arrived at San Francisco the barber was taken sick and died, leaving the suit case on board. On its return trip to Shanghai the peddler boarded the vessel and inquired for the barber. Apparently he met the new barber to whom he related the circumstances under which the suit case was left on board the vessel. When the vessel next reached San Francisco the new barber informed the ship's steward of the incident. The latter consulted the deceased barber's widow who authorized the return of the suit case and con-

tents to the Chinese peddler; but when the vessel arrived at Shanghai the peddler failed to appear and claim his property. Thereafter the whole matter seems to have been forgotten until the customs officers at San Francisco discovered and seized the suit case and its contents.

Captain A. D. Hansen, the plaintiff herein, as master of the vessel, was fined, under section 584 of the Tariff Act of 1930, for not including the suit case and contents in filing a ship's manifest. He appealed to the Secretary of the Treasury, under section 618 of said act, for remission or mitigation of said fine, but the latter withheld relief. Whereupon, the plaintiff filed this appeal for reappraisement, and also a protest (No. 926956–G), which is still pending.

Section 501 of the Tariff Act of 1930, wherein authority is given an importer for filing an appeal for a reappraisement, contains the following provision:

No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise.

Section 501 of the Tariff Act of 1922 contained the same provision and it was held under that act that where merchandise was imported through the mails and regular entry thereof was not made the provision prohibited an appeal for a reappraisement, citing *Oriental Trading Art & Looms Co.* v. *United States*, T. D. 44725, 59 Treas. Dec. 650. The court cited a number of decisions to the same effect under prior tariff acts.

The same question was raised in the case of *Levi Sondheimer & Co.* v. *United States*, T. D. 37077, 32 Treas. Dec. 316, which related to a package of samples imported by parcel post. After quoting paragraph M of section 3 of the Tariff Act of 1913, the court said:

It is clear that under this provision the collector of customs has a right of appeal for reappraisement in every case where there has been an appraisement of merchandise. The importers' right of appeal, however, extends to those cases only where there has been a lawful entry and appraisement, for the statute prescribes that "if the importer * * * shall deem the appraisement thereof too high, *and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise,* he may * * * appeal for reappraisement by giving notice thereof to the collector in writing."

After quoting the statutes regarding the requirements of entry, the court said:

As long ago as 1867 the courts held that no reappraisement on appeal can take place unless there is a previous entry followed by an appraisement (*28 Cases of Wine*, 24 Fed. Cas., 415), and that decision has been since followed by the Board of General Appraisers. *Lloyd Bros.'* case, G. A. 6468 (T. D. 27680); *Wyman's* case, G. A. 6536 (T. D. 27887); *Downing's* case, G. A. 6732 (T. D. 28814).

In the case of *United States* v. *Legg* (105 Fed., 930), Judge Lacombe quoted with approval the definition of the term "entry" given in *United States* v. *Cargo of Sugar* (25 Fed. Cas., 288), as follows:

The term "entry" in the acts of Congress is used in two senses. In many of the acts it refers to the bill of entry, the paper or declaration which the merchant or

importer in the first instance hands to the entry clerk. In other statutes it is used to denote not a document but a transaction, a series of acts which are necessary to the end to be accomplished, viz, the entering of the goods.

After reviewing the requirements of law relative to the filing of an entry, the court said:

It appears from the testimony in this case that the importers did not file with the collector an entry in writing, duly subscribed, with the original invoices and papers pertaining thereto, or that any declaration or oath was made giving the reasons for the failure to produce the required documents.

I hold that the importers have not complied with the requirements of the law with respect to entry in this case, and therefore they have no right of appeal for reappraisement under the statute. The appeal is dismissed.

The decision above cited was affirmed on December 20, 1917, by Division One of the Board of United States General Appraisers, but the decision of the appellate tribunal was not published.

Counsel for the appellant, in his brief before this division, challenges the correctness of the finding of the trial judge in regard to the jurisdiction of the court in relation to forfeitures. It appears that the subject was discussed in the brief filed by the defendant in the court below but the plaintiff failed to file a brief. The trial judge adopted the views expressed in defendant's brief. We are of opinion that there is nothing in the pleadings before the trial court which would warrant a discussion of forfeitures because the appeal for reappraisement is directed solely to the value found by the "appraiser or collector." In the case of *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318, the court held that there was nothing before the court in a reappraisement case except that raised by the pleadings, and in the case of *Downing & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243, the court said on pages 239 and 240: "We find nothing in the statute requiring the General Appraiser to find a single fact, except that of value." We are of opinion that the statements in the decision below relating to forfeitures are mere dicta, not pertinent to the issue raised in the case. Therefore the subject of forfeitures will not be discussed by this division.

It appears from the record that no entry of the merchandise was made. The customs officers discovered the goods on board the importing vessel and held the captain of the ship liable, imposing an exaction in the form of a fine. Since there is no showing in the record that there was a compliance of the law with respect to the entry of the merchandise herein, we hold that the right of appeal for reappraisement provided for in section 501 of the Tariff Act of 1930 is not available.

The judgment of the trial judge in dismissing the appeal is affirmed.