(C. D. 165)

## T. S. KENNEDY Co. *v.* UNITED STATES

### United States Customs Court, First Division

(Decided May 23, 1939)

*Shackleford, Farrior & Shannon* (*Baya M. Harrison, Jr.*, of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney) for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges

BROWN, Judge: This suit against the United States was brought at Tampa, Fla., to recover customs duties claimed to have been illegally exacted on certain sardines imported at that port. The collector of customs took duty thereon at 44 per centum ad valorem under the provisions of paragraph 718 (a), Tariff Act of 1930, as amended by Presidential proclamation, T. D. 46795, 64 Treas. Dec. 708.

As originally written by Congress paragraph 718 (a) of the act of 1930 read as follows:

PAR. 718 (a) Fish, prepared or preserved in any manner, when packed in oil or in oil and other substances, 30 per centum ad valorem.

The Presidential amendment changed this into two provisions, one relating to tuna fish in which the rate was advanced to 45 per centum ad valorem, and one relating to fish other than tuna of a value not exceeding 9 cents per pound, 44 per centum ad valorem, both otherwise retaining the phraseology of the congressional paragraph. This left the original statutory paragraph to apply to fish other than tuna, prepared or preserved in any manner, when packed in oil or in oil and other substances, of a value of 9 cents per pound or more.

The official papers in evidence show us that the merchandise before us is not tuna fish but "Sild Sardines in Olive Oil." The official papers also show that the figures at which this merchandise was appraised by the local appraiser rated at less than 9 cents per pound. The plaintiff, claiming his fish were more than 9 cents per pound in value, counts on the original statutory rate of 30 per centum ad valorem. In support of that view a commission was offered in evidence which contains evidence tending to show that this merchandise was worth more than 9 cents per pound. Objections being made as to its admissibility, they were overruled so far as they claimed that the answers were hearsay and over other technical objections made, and the commission was tentatively admitted in evidence subject to the question which was reserved for the full division (and briefs requested) as to whether the amounts of the appraised values could be attacked by evidence presented on protest of the collector's liquidation.

On consideration it is held that questions of the amounts of values on appraisement must be litigated on reappraisement appeal. Also that that principle applies to the amounts of values which indirectly affect the classification by shifting the merchandise, as here, from one classification bracket to another.

While an appraisement may be attacked on protest because those making it "proceeded on a wrong principle contrary to law or transcended the powers granted by statute," United States v. Passavant, 169 U. S. 16, it is limited to that and an attack upon the amount of the appraised value, no question of law being involved, can only be had on reappraisement appeal.

The customs judicial review is very broad and liberal but this distinction between value cases, which arise on appeal from the local appraiser's finding of customs value, and protest cases contesting the rate and amount of duty taken by the collector on liquidation, has existed not only since this court was created in 1890, but goes back to the beginnings of the Government when the common-law action in

the State court against the United States collector of customs was the customs judicial remedy for recovering customs taxes claimed to have been illegally collected. This distinction must, therefore, continue to be observed. This requires a holding that the commission before us is not legal evidence in a protest case for attacking the amounts of the customs values which could only have been done on reappraisement appeal from the appraiser's findings of value. The commission is, therefore, excluded as evidence on that ground.

Judgment will therefore issue overruling the protest.