(C. D. 479)

CHEW YUEN GEE ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Date April 29, 1941)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges; Keefe, J., not participating

Evans, Judge: This matter comes before the court on a motion to amend the protests which were filed at the port of Honolulu. The protests are identical and are as follows:

Sir: Protest is hereby made against the exaction by you or the collector of internal revenue, of alleged Compensating taxes on imported merchandise covered by entries specified below, under sec. 15 (e), and other sections of the Agricultural Adjustment Act of May 12, 1933.

Such exaction, also your refusal to permit entry or delivery of this merchandise except upon payment of said tax, is illegal for the following reasons:

1. The act of May 12, 1933, and the regulations relating thereto are invalid and void, being in violation of article 1, secs. 1 and 8, and other provisions of the Constitution, because based on an unconstitutional delegation of power to an executive officer and because the taxes were not collected for the benefit of the general government.

2. The collection of the tax is illegal because it does not tend to accomplish the policy of said act or because the tax was levied under authority of sec. 15 (d) on articles or commodities which do not compete with basic commodities, or the competition is not disadvantageous to said basic commodities.

3. There was no processing tax legally in effect with respect to this commodity at the time of importation.

4. The assessment was made on articles not wholly or in chief value of basic or competing commodity.

5. The compensating tax exceeds the processing tax, or on other grounds the amount exacted exceeds that required or authorized by said act.

6. The merchandise is taxable only at the appropriate rates provided by the tariff act of 1930.

Protest 792692–G was filed November 27, 1935, and protest 838723–G, October 27, 1936. Each of these protests was suspended until March 6, 1940, at which time motions to amend were filed and time for briefs granted. After the briefs had been filed further action was suspended awaiting the outcome of the case of *Max Sandherr, Inc.* v. *United States*, C. D. 356. The last-cited case has been tried on the merits and not yet decided.

As noted above, the importer filed an amendment to the protest in each case to include a claim in the following language:

The sugar covered by this protest is dutiable at 40 percent under par. 506 (confectionery).

At the call of the docket at San Francisco, the following proceedings were had:

Mr. Tuttle. I abandon the protest so far as the A. A. A. is concerned.

Mr. Weil. I don't see any other claims here except the A. A. A.

Mr. Tuttle. The protest is an A. A. A. protest, that is, relating to an assessment under the Agricultural Adjustment Act. The reason we do not wish to abandon the claim is that the assessment under A. A. A. was on brown sugar, as to which we desire by amendment to raise a question of classification under the Tariff Act of 1930. In other words it is the same merchandise as was covered by the protest by virtue of the A. A. A. If the court orders it submitted so far as the A. A. A. portion is concerned that act may, of course, cancel the entire document. For that reason we wish either an opportunity later in this case to

offer an amendment or to request a continuance, and the purpose of the continuance would be that at a subsequent session of the court we would offer an amendment.

Mr. WEIL. The only claim that I can see is the A. A. A. That means that the court is without jurisdiction. I can see Mr. Tuttle's position wherein if your Honor acts and dismisses the protest on the ground that the court has not jurisdiction he won't have an opportunity to raise any other question. I submit that he is not entitled to amend the protest. It is bad in the first instance. You can't make a bad protest good.

Mr. TUTTLE. The protest relates to sugar, some kind of tax on sugar. As to that merchandise we wish to make a different claim by amendment. You have before you right now a protest which is broader, and while it may be subject to dismissal for failure of prosecution or because the court may think you haven't jurisdiction on the claim which exists now, yet an amendment making the claim under the Tariff Act would dispose of the question of jurisdiction, which was taken away by the Revenue Act of 1936.

Mr. WEIL. No, your Honor, because then in effect they would be filing a protest after 60 days.

Judge DALLINGER. I am going to pass this case, with the understanding that before we leave San Francisco there is going to be something before us. We will just pass it.

\*       \*       \*       \*       \*       \*       \*

San Francisco, Calif., March 9, 1940.

Mr. CHARLES F. LAWRENCE. I move to amend the protest by adding the further claim that the sugar is dutiable at 40% under paragraph 506, as confectionery.

Mr. WEIL. In view of the fact that the sole claim in the original protest is under the A. A. A. the Government renews its motion to dismiss upon the ground that the court is without jurisdiction in the first instance, and if the court desires the Government would like to file a brief as to the right to amend.

Judge DALLINGER. I will reserve my decision on the motion to amend and on the motion to dismiss, and ask both sides to brief the question whether a protest that only has a claim under which the court has no jurisdiction can be amended.

The case will be continued.

Mr. WEIL. May I suggest that the briefs be filed concurrently.

Judge DALLINGER. Briefs will be filed concurrently on or before June 10th.

Subsequent thereto and at some date which we are unable to determine, Judge Dallinger granted the motion to amend. Rule 9 (2) of the Court's Rules provides in part as follows:

\* \* \* motions made to amend protests on calendars at ports other than New York, if objection is made thereto, may be passed upon by the judge presiding subject to the approval of the majority of the division having jurisdiction of the subject matter.

Pursuant to this provision we record the following observations and rulings on said motion.

If we accept importer's counsel's statement that he abandoned the protest·so far as the Agricultural Adjustment Act is concerned, was there anything left by way of a protest that could be amended?

When Congress enacted section 905 of title VII of the Internal Revenue Act of 1936, which provided.

* * * The United States Customs Court shall not have jurisdiction of any such cases. [Cases arising under the Agricultural Adjustment Act.]

did any controversy remain within the jurisdiction of this court under the aforesaid protests?

It is our opinion that the protest asserts no justiciable claim except that the tax collected under the Agricultural Adjustment Act of May 12, 1933, was illegal, although in importer's reply brief he makes the point that by the amendment he seeks to clarify the statement No. 6 in his protest which reads as follows:

> The merchandise is taxable only at the appropriate rates provided by the tariff act of 1930.

It seems to us that this is only another way of stating that the Agricultural Adjustment Act taxes were unlawfully assessed. It does not allege any claim under the Tariff Act of 1930. Does such an allegation meet the test governing the sufficiency of protests?

In the recent case of *Raybestos Manhattan, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 340 at 350, C. A. D. 109, the learned court states:

> The test always is, Does the protest, reasonably construed, distinctly and specifically set forth the reasons for the importer's objection to the liquidation by the collector?

This statement epitomizes the long established rule governing the requisites of a protest. The allegation that the merchandise is taxable only at the appropriate rate provided by the tariff act falls far short of complying with the rule.

Measured by the standard pointed out, there is no other claim set forth in the protests except that of the illegality of the assessment of processing taxes on the merchandise involved. The importer having abandoned that claim there is nothing to which an amendment could attach.

Regardless of the action of importer's attorney, we think the second question above stated must be answered in the negative. When Congress deprived this court of a jurisdiction which it had formerly exercised it was as though the case had been entirely removed from our files insofar as our right to make further orders except to clear the record of the case was concerned.

The importer's attorney logically argues that

> The cause of action arises from the act of the collector in exacting a certain amount of duty; the various elements entering into the determination of that amount are but phases of the cause of action or items of damage, which taken collectively, determine the total liability emerging from the cause of action.

This is in line with the finding of the Supreme Court in the case of *Friederichsen* v. *Renard*, 247 U. S. 207, 62 L. ed. 1075, where it was held that the cause of action is the wrong done, not the measure of compensation for it or the character of the relief sought; and, con-

sidered as a matter of substance, a change in the statement of that wrong in an amended petition cannot, in any just sense, be considered a new or different cause of action.

The only trouble with the plaintiff's situation is that at the time he endeavored to file "a change of statement" concerning the wrong claimed to have been committed, the original cause had been removed from the jurisdiction of the court by act of Congress.

No one would contend that on March 6, 1940, the statute of limitations had not run against the filing of a protest claiming that the sugar involved in the merchandise was dutiable at 40 per centum under paragraph 506 of the Tariff Act of 1930.  :

The original case having been taken from the court, as noted, how could it be possible for this court to accept an amendment to a cause of action that had been transferred to another jurisdiction?

This case is not within the category of those cases where an amendment relates back to an original cause of action in such a way as to toll the statute against the amendment, because at the time of the presentation of the proposed amendment the court had no case within its jurisdiction involving the merchandise covered by the entries.

For the foregoing reasons the motion to amend will be and the same is hereby denied in each case.   It is so ordered.