BEFORE THE THIRD DIVISION, SEPTEMBER 24, 1941

No. 46352.—Protest 985788–G of Raymond H. Hamson (Boston).

Opinion by CLINE, J.   At the trial samples were received in evidence and divided into three parts for examination by experts, which resulted in a stipulation that the samples were properly conditioned in accordance with the regulations of the Department of Agriculture and that the length of the staple was found to be less than one and one-eighth inches in length.   In accordance therewith the raw cotton in question was held entitled to free entry under paragraph 1662 as claimed.

No. 46353.—Protests 946060–G (B), etc., of Irwin-Harrisons-Whitney, Inc., et al. (New York).

Opinion by CLINE, J.   It was stipulated that the merchandise consists of ginger root, not preserved or candied, the same as that the subject of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126).   The claim for free entry under paragraph 1768 was therefore sustained.

No. 46354.—Protests 813280–G, etc., of Shun On & Co. et al. (San Francisco).

CLINE, Judge: When these cases were on the calendar at San Francisco, based on a stipulation of the parties, marked exhibit 1, protest 711659–G, the trial judge continued the protests herein involved subject to defendant's motion to dismiss the same.   The language of the stipulation applicable to these cases reads as follows:

(2) That the cases listed in Schedule B hereto attached may be continued, subject to Government's motion to dismiss on the ground that plaintiffs' motion to amend should be denied as a matter of law where A. A. A. claim was the only claim in the original protest.

No motions to amend appear to have been filed, and, while the defendant's motion to dismiss appears to be directed to the legality of amendment, we construe it to mean that the protests should be dismissed because the court has no jurisdiction.   At any rate, the court has power of its own motion to raise the question of jurisdiction.   *United States* v. *Klytia Corporation*, C. A. D. 178.   An examination of the protests indicates that the only claim therein is that the assessment under the Agricultural Adjustment Act of May 12, 1933, was improper and illegal.   In *United States* v. *Lamborn*, 27 C. C. P. A. 46, C. A. D. 60, the appellate court held that this court has no jurisdiction to consider the validity of an assessment under the Agricultural Adjustment Act, and, in *Chew Yuen Gee et al.* v. *United States*, C. D. 479, it was held by this court that protests which contained no claim other than that relating to the applicability of the Agricultural Adjustment Act were not subject to amendment after the enactment of the Revenue Act of 1936 which divested this court of jurisdiction over that subject matter.

In harmony with the decisions cited, the protests herein involved are dismissed. Judgment will be entered accordingly.