(C. D. 605)

NIPPON IMPORT & TRADING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 26, 1942)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

KINCHELOE, Judge: In *Max Sandherr, Inc.* v. *United States*, 4 Cust. Ct. 334, C. D. 356, this court granted motions to amend protests filed in 1934 making the sole claim that certain so-called processing or compensating taxes levied on imported cotton articles under the Agricultural Adjustment Act were unconstitutional. The said motions had been filed in 1935, before the Revenue Act of 1936, which by section 905 of title VII thereof expressly divested this court of jurisdiction in any further matters pertaining to the Agricultural Adjustment Act. It was held that inasmuch as this court unquestionably had jurisdiction of the subject matter and claim raised by the original protests when filed, and as motions to amend same were made before said repealing statute of 1936 was enacted, the power of this court to amend the protests within its discretion under section 518 of the Tariff Act of 1930 was not in any way impaired or taken away, so long as the new claim was confined to the same merchandise as that covered by the original protests. Note *Marshall Field & Co.* v. *United States*, T. D. 47877; *United States* v. *Macksoud Importing Co.*, 25 C. C. P. A. 44, T. D. 49041.

A motion to amend, identical in character, is again before us, except that in the present case it was filed after the repealing statute of 1936, *supra*, but nevertheless with reference to the same merchandise covered by the original protest. We are therefore now confronted with the question whether there is any reason for distinguishing our ruling in the *Sandherr* case, *supra*, from the present one.

There can be no longer any legal doubt that Congress by the enactment of section 905 of title VII of the Revenue Act of 1936 intended to, and did, take away jurisdiction from this court in any further matters pertaining to the Agricultural Adjustment Act. It is true that this protest was pending before this court before its jurisdiction was taken away by said revenue act. But it made only the one claim, and that was that certain so-called processing or compensating taxes levied on the imported merchandise set out in said protest under the Agricultural Adjustment Act was unconstitutional. This motion to amend, however, was made after Congress had taken away jurisdiction from this court in any further matters pertaining to said Agricultural Adjustment Act. So, at the time this motion to amend the original protest was made, jurisdiction of this court over the original protest already had been taken away by Congress.

It legally follows, in our judgment, that if this court had no jurisdiction over the original protest at the time this motion to amend was made, it can have no power or jurisdiction to grant now an amendment thereof. This, in our judgment, is quite a different legal proposition than was presented to us in the *Max Sandherr* case, *supra*.

The motion of the plaintiff to amend the protest herein is therefore denied, and the motion of the attorney for the defendant to dismiss the protest on the ground that this court is without jurisdiction over same is hereby granted. Exceptions to these rulings are hereby reserved to plaintiff.

CONCURRING OPINION

TILSON, Judge: For the reasons stated in my dissenting opinion in *Sandherr* v. *United States*, 4 Cust. Ct., 334, I join in the decision of my associates in dismissing this case.