(C. D. 861)

PHIL. B. BEKEART CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided June 28, 1944)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Three packages of fishhooks were sent by parcel post from England to San Francisco, Calif., and were there made the subject of informal entries on customs Form 3419 (Art. 375, Customs Regulations of 1937). On each of such entries the "Value," and "Rate," and "Duty" columns are properly filled out, with no mention of the British purchase tax, nor any indication that the appraiser did other than accept the value set out in the entry. The entries were duly liquidated and within 60 days protests were filed against such liquidations. The protests are identical in terms and the pertinent portion thereof reads as follows:

Protest is hereby made against your liquidation * * *. The reasons for objection under Tariff Act of 1930 are as follows:
British purchase tax not dutiable inasmuch as hooks were manufactured for sale in United States only.

When the cases were called for hearing at San Francisco, the Government attorney moved for their dismissal on the ground that the question sought to be raised by the protests was purely one of value which could be raised only by appeal to reappraisement under section 501 of the Tariff Act of 1930, and not by protest against the liquidation under section 514 of the same act. The attorney for the importer reserved his answer to the motion at the time it was made, but subsequently filed such answer in two briefs which are before us. We may express at once our belief that the issue attempted to be made by the protests concerns the value of the merchandise, and that the Government's contention based on that ground is sound. We may take judicial notice, of course, of the proceedings in our own court and we know that the matter of the British purchase tax now being litigated lies in reappraisement and not in classification or administration. See *Alfred Dunhill, etc.* v. *United States*, R. D. 5794, and *Wm. S. Pitcairn Corp.* v. *United States*, R. D. 5976.

However, giving heed to the somewhat urgent insistence of importer's counsel that mail entries should have a different treatment, we shall consider the subject in some detail.

Such consideration involves recourse to statute law, to treaties or agreements in the nature of treaties, and to customs regulations made pursuant to express authority granted by Congress.

The statute law is found in section 498 of the Tariff Act of 1930, which, insofar as here pertinent, is as follows:

SEC. 498. ENTRY UNDER REGULATIONS.

(a) AUTHORIZED FOR CERTAIN MERCHANDISE.—The Secretary of the Treasury is authorized to prescribe rules and regulations for the declaration and entry of—

(1) Merchandise not exceeding $100 in value, including such merchandise imported through the mails;

    &ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

The merchandise here involved was valued at less than $100 on each entry.

As to parcel-post conventions or agreements, the United States and the United Kingdom have joined in two, the earlier being the Parcel Post Convention with the United Kingdom and Ireland, effective April 1, 1905 (33 Stat. part 2, p. 2301) and the later, approved by the President November 19, 1924, being designated as a Parcel Post Agreement with Great Britain and Northern Ireland (43 Stat. Part 2. p. 1854). The latter agreement seems to us to supplement the earlier one, rather than to supersede it, going more into detail with respect to parcel-post packages, especially insured packages. There are no repealing words in the later agreement.

Article VII of the Convention of 1905 reads:

1. The sender of each parcel shall make a Customs declaration upon a special form provided for the purpose, giving a general description of the parcel, an accurate statement of its contents and value, the date of posting, and the sender's signature and place of address. This declaration shall be placed upon or attached to the parcel.

2. The parcels in question shall be subject in the country of destination to all Customs duties and all Customs regulations in force in that country for the protection of its Customs revenue; and the Customs duties properly chargeable thereon shall be collected on delivery, in accordance with the Customs regulations of the country of destination.

    &ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

The customs regulations in effect at the time of the importations here in suit were those of 1937 and are set forth in chapter VII, page 221 et seq. They are quite elaborate and include some joint regulations in which the Treasury Department and the Post Office Department collaborated. We are particularly interested in the following:

Art. 367. Customs declarations and invoices.—(a) (J. R. 9a.) A customs declaration (on the form provided by the foreign mailing office), giving an accurate description and the value of the contents, shall accompany each parcel post shipment and be securely attached thereto. Commercial shipments by parcel post shall also be accompanied by commercial invoices. In case the shipment consists of more than one package, the invoice shall be placed in the package to which the postal form of customs declaration is attached. There shall be enclosed with the contents of all mail articles containing merchandise dispatched under the respective mail classifications of the Universal Postal Union Conventions, an invoice in the case of commercial shipments, or a statement of value in the case of mer-

chandise not purchased or consigned for sale, giving an accurate description and value of the merchandise. If impracticable to enclose the invoice or statement within a sealed article, the same shall be securely attached to the article.

Art. 375. Mail entries—Issuance.—(a) Customs officers will issue mail entries in quadruplicate on customs Form 3419 for articles subject to duty, and on customs Form 3421 for articles subject to fine. Information concerning the merchandise shall be stated on the entry in the following order: (1) Quantity; (2) commercial name; (3) description in the terms of the tariff act, and (4) the number of the paragraph of the tariff act covering the item. The original and duplicate copies of the entry shall be placed in a tag envelope attached to the package for disposition by the postmaster according to the instructions printed on the back of the entry. The triplicate copy should be sent immediately to the comptroller of customs, and the quadruplicate copy retained in the files of the issuing office.

(b) Mail entries shall not be issued covering articles unconditionally free of duty, but formal entry is required for such articles when the value thereof exceeds $100.

\* \* \* \* \* \* \*

Art. 378. Liquidation.—Mail entries on customs Form 3419 will be scheduled on customs Form 5171 and liquidated in accordance with article 830.

Art. 380. Dissatisfied addressees—Procedure.—(a) (J. R. 16a.) Amounts collected on mail entry forms shall not be refunded by postmasters. Should an addressee be dissatisfied with the charges he should notify in writing the postmaster, who shall hold the package and report the facts to the collector of customs who issued the entry, forwarding such papers or statements as the addressee may submit. The mail article shall not be delivered until authority therefor is given by the collector of customs. The addressee may decline to accept delivery, in which event the parcel shall be marked by the postmaster "REFUSED" and disposed of pursuant to the provisions of article 389 (J. R. 19) of these regulations.

(b) (J. R. 16b) If the addressee of a parcel covered by an informal mail entry objects to the rate or amount of duty assessed or to the valuation placed upon the merchandise for customs purpose and the collector is satisfied by a report of a customs officer who has reexamined the merchandise or by other sufficient evidence that the objection is well founded, the collector may reclassify the merchandise or, with the concurrence of the appraising officer, amend the value, even though the merchandise has been delivered to the addressee, provided such action is taken before liquidation or within sixty days thereafter. Informal mail entries may be reliquidated to allow a claim of the addressee after the expiration of sixty days after liquidation only if a protest has been filed in the form and manner prescribed in section 514 of the tariff act.

\* \* \* \* \* \* \*

Art. 381. Protest and reappraisement.—Liquidation of mail entries is subject to protest as in the case of formal entries. It is not, however, subject to an appeal to reappraisement unless formal entry has been made.

Art. 830. Appraisement, baggage, informal, and mail entries.—(a) Appraisement entries, customs Form 7500, baggage entries, customs Form 6059 or 6063, informal entries, customs Form 5119, and mail entries, customs Form 3419 or 3420, shall be formally liquidated after return by the comptroller, and a carbon copy of the bulletin, customs Form 5171, covering such entries, posted as the notice of liquidation. All such entries ready for liquidation during any one month may be liquidated on any convenient day during that month. The date of posting shall be stamped on the bulletin as the date of liquidation of all liquidated entries covered thereby.

(b) Entries liquidated subsequent to the posting of the bulletin on which they originally appear, shall be listed on a new bulletin which shall be stamped liqui-

dated as of the date of posting. The fact and date of liquidation shall be shown on the office copy of the bulletin on which the entries were originally scheduled.

We quote also section 501 of the Tariff Act of 1930, in part, as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise. * * *.

It is evident from the above that the matter of shipment of merchandise through the international mails has had the attention of various nations; that they have arranged among themselves for the exchange of such shipments; that Congress has provided an informal and expeditious method for the entry of mail shipments from abroad; and likewise a remedy when the addressee of a mail package from abroad is dissatisfied with the rate or amount of duty assessed on the package, or with the valuation placed thereon. Thus a system of rights and remedies is provided which is complete in itself. It is elementary that one who seeks to avail himself of these facilities is bound to obey the rules that govern the use of such facilities.

No inconsistency lies in the circumstance that the entrant of a mail package has a right to file formal protest under section 514 against the rate of duty imposed by the collector, but has no right to appeal to reappraisement under section 501. The explanation is simple. Mail entries are "liquidated," precisely as are entries generally. In other words, the basic facts upon which rests the right of protest granted by section 514 are present, hence the right of protest arises. Not so with the appeal to reappraisement provided by section 501. The conditions and circumstances required by the statute as a basis for an appeal to reappraisement are not present in the case of an informal mail entry, hence the right to appeal to reappraisement does not arise. It should be remembered that the right to reappraisement is purely statutory and whatever conditions the statute imposes must be obeyed. Stating it in another way, section 501 presupposes at least a regular, formal entry, and provides only for cases where such an entry has been made. This is not new law. The principle has been enunciated in many decisions. See Sheldon v. United States, 8 Ct. Cust. Appls. 215, T. D. 37455; Twenty-Eight Cases of Wine, 24 Fed. Cas. 415; T. D. 28814, G. A. 6732 (15 Treas. Dec. 202); T. D.

37077, G. A. 8043 (32 Treas. Dec. 316); and T. D. 44725 (59 Treas. Dec. 650).

In *United States* v. *General Electric Co.*, 4 Ct. Cust. Appls. 287, T. D. 33494, the court held that protest involving a question of classification lies in the case of entries by mail, but it made the following significant observation:

The case T. D. 28814 was a case of reappraisement and presented a somewhat different question.

T. D. 28814, it will be noted, is one of those above cited.

The importer is not left without a remedy. He may have recourse to Article 380 (*b*), above, or he may make formal entry, in which event he would have the benefit of section 501, *supra*, should he be dissatisfied with the value at which his merchandise has been appraised.

We have discussed this subject somewhat extensively, largely because of the urgency of the plea made by counsel for the plaintiff. As stated above it is the opinion of the court and we so hold that the question sought to be raised by the protests is purely one of value which cannot be raised by protest. The motion to dismiss is therefore granted.

Judgment will be rendered accordingly.