(C. D. 1150)

Ludlow Manufacturing & Sales Co. v. United States

United States Customs Court, Third Division

(Decided December 22, 1948)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Ekwall, Judge: In this case the plaintiff claims that the entry, insofar as it involves 201 bales of webbing cloth imported from India, was improperly liquidated in that the entered price was 5.50 Rs. per single unit equalling Rs. 26,532, whereas entry was liquidated on this item on basis of 5.75 Rs. per unit. No claim is made as to the classification of the merchandise. The allegation that liquidation was made on the basis of 5.75 Rs. per unit is not borne out by the record. In fact, counsel for the plaintiff states in the brief filed that liquidation was upon the basis of 11 rupees, 10 annas per unit.

Plaintiff introduced the testimony of two witnesses who stated that this merchandise consisted of jute webbing cloth of single cut.

Government counsel moved to dismiss the protest on the ground that it raises a question of value over which this court has no jurisdiction when sitting as a classification court. Decision on the motion was reserved.

An examination of the official papers including the summary sheet discloses that the merchandise was appraised as entered as indicated by the check mark in the column designated "Appraised." The

testimony produced as to the nature of the webbing, whether single or double cuts, could only serve the purpose of proof of a lower value for the goods. From a perusal of the official papers, we have not been able to find an indication that the appraiser found a value for single-cut webbing. The red-ink underscoring on the yellow sheet attached to the invoice indicates an appraisal of double-cut webbing. No red-ink notations appear on said sheet as to the price for single-cut webbing, indicating the appraiser's approval for value purposes.

From the record it is apparent that this case falls within the rulings setting forth the law on attacks on value by means of protest. In the case of *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C. D. 165, the question of the value of certain fish which the tariff act made dutiable according to their value per pound was involved. It was there held that the amount of customs value, where no question of law is involved, cannot be attacked by presenting evidence that such amount was erroneous upon protest against the liquidation made by the collector. In arriving at that conclusion, the court used the following language:

> While an appraisement may be attacked on protest because those making it "proceeded on a wrong principle contrary to law or transcended the powers granted by statute," *United States* v. *Passavant*, 169 U. S. 16, it is limited to that and an attack upon the amount of the appraised value, no question of law being involved, can only be had on reappraisement appeal.
>
> The customs judicial review is very broad and liberal but this distinction between value cases, which arise on appeal from the local appraiser's finding of customs value, and protest cases contesting the rate and amount of duty taken by the collector on liquidation, has existed not only since this court was created in 1890, but goes back to the beginnings of the Government when the common-law action in the State court against the United States collector of customs was the customs judicial remedy for recovering customs taxes claimed to have been illegally collected. This distinction must, therefore, continue to be observed. * * *

The situation here is analogous to that in the cited case. There' the importer, in order to change the classification of the merchandise' attempted to change the appraised values. In the instant case, plaintiff is attempting to lower the appraised value by a change in the description of the webbing. In neither case is a claim made that the appraiser's finding of value was illegal. See also the case of *Phil. B. Bekeart Co.* v. *United States*, 13 Cust. Ct. 18, C. D. 861, where this court dismissed a protest which, although in terms directed against the collector's liquidation of an informal entry, presented a question of the value of the merchandise.

We therefore find that the motion to dismiss the protest should be and the same is hereby granted.

Judgment will be rendered accordingly.