(C. D. 1194)

MILTON G. EMPEY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 5, 1949)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the petitioner.
*David N. Edelstein*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the respondent.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: These two petitions, filed under authority of section 489 of the Tariff Act of 1930, pray for remission of additional duties assessed because of undervaluation of certain pictures and frames imported from Mexico. They were consolidated for trial. At the hearing at the port of San Francisco, Government counsel moved to dismiss the petitions, alleging that they were not filed by proper parties under rule 29 of the United States Customs Court rules, adopted May 29, 1936, as amended by T. D. 51378, in effect at the time of filing thereof. Under that rule petitions may be filed "by the importer, consignee, or agent * * * at any time after final appraisement, but within 60 days after liquidation."

Motions to amend the petitions, by adding the name of St. Paul Fire and Marine Insurance Company as petitioner in petition 6689–R and United States Fidelity and Guaranty Co. in petition 6690–R, were filed by the firm of Lawrence, Tuttle & Harper, attorneys. Counsel stated as ground for the motions that the importer had disappeared and the parties named in the amendments were liable as sureties under the customs bonds, the collector of customs having called upon them to "pay the penal amount of the bond." These motions were opposed by the Government on the following grounds: (1) The original petitions, which it alleged had not been authorized by the party named therein as petitioner and had not been filed by the importer, consignee, or authorized agent of either, are invalid, and being a nullity cannot properly be the subject of motions to amend; (2) a petition under section 489, *supra*, is not the proper remedy for relief from payment of a penalty under a customs bond; and (3) the amendments cannot be entertained as new petitions filed by the surety companies because as such they are untimely under

rule 29 and section 489, *supra*, not having been filed within 60 days after liquidation of the entries.

Decision on the motions to amend was reserved by the judge on circuit who admitted the testimony of the customs broker on the issue of good faith of the importer, pending ruling on the motions.

The respective provisions of the tariff act here involved, together with court rule 29, are as follows:

SEC. 489.   ADDITIONAL DUTIES.

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry.   *   *   *   Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   *   *   *

*        *        *        *        *        *        *

SEC. 623 [as amended by section 30, Customs Administrative Act of 1938].
   BONDS AND OTHER SECURITY:

   (a)   In any case in which bond or other security is not specifically required by law, the Secretary of the Treasury may by regulation or specific instruction require, or authorize collectors of customs to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce.

   (b)   Whenever a bond is required or authorized by a law, regulation, or instruction which the Secretary of the Treasury or the Customs Service is authorized to enforce, the Secretary of the Treasury may—

      (1)   Except as otherwise specifically provided by law, prescribe the conditions and form of such bond, and fix the amount of penalty thereof, whether for the payment of liquidated damages or of a penal sum:   *   *   *.

      (2)   Provide for the approval of the sureties on such bond, without regard to any general provision of law.

*        *        *        *        *        *        *

   (c)   The Secretary of the Treasury may authorize the cancellation of any bond provided for in this section, or of any charge that may have been made against such bond, in the event of a breach of any condition of the bond, upon the payment of such lesser amount or penalty or upon such other terms and conditions as he may deem sufficient.

*        *        *        *        *        *        *

RULES OF THE UNITED STATES CUSTOMS COURT:

## 29. REMISSION OF ADDITIONAL DUTIES

Petitions for remission of additional duties, accruing by reason of advances made on final appraisement of merchandise, shall be in writing, signed and filed, in duplicate, by the importer, consignee, or agent with the collector of customs at the port of entry at any time after final appraisement, but within 60 days after liquidation.   *   *   *

We will first consider the motion to dismiss. An examination of the petition discloses that it is signed in typewriting "MILTON G. EMPEY Petitioner." Underneath this appears on the printed form used the word "By" through which a line has been drawn and underneath that "LAWRENCE, TUTTLE & HARPER, Attorneys for Petitioner." The letter "L" in pen and ink appears at the end of this last form of signature. Counsel explained in open court that the initial "L" is that of Mr. Frank Lawrence, a member of the firm of Lawrence, Tuttle & Harper. It developed at the hearing that Mr. Empey, whose name appears in typewriting as petitioner, had disappeared shortly after the dates of importation and that he did not authorize the filing of the petitions. The entry papers are signed by Mr. Empey, and there is no indication thereon of any other party as importer or consignee.

The testimony further shows that a member of the customs brokerage firm who handled these entries had also acted as agent for the surety companies named in the motions to amend and, as such agent, had executed the customs bonds covering these shipments, and had referred the said surety companies to the firm of Lawrence, Tuttle & Harper. The witness produced on behalf of the petitioner testified that it was his understanding that said attorneys had no authority from Mr. Empey to file these petitions except such as they may have derived through the brokerage firm represented by the witness. He admitted, however, that his customs brokerage firm had no authority, express or implied, to file the said petitions, and for that reason had not filed them in the broker's name.

Rule 29, *supra*, provides that petitions for remission of additional duties may be filed by the "importer, consignee, or agent." Specific authority for that rule is found in section 489, *supra*. We find that it is reasonable. It therefore has the force of law. See *United States* v. *M. Minkus*, 16 Ct. Cust. Appls. 263, T. D. 42869, and *United States* v. *P. C. Kuyper & Co., Inc.*, 17 C. C. P. A. (Customs) 139, T. D. 43471.

It is noted that the instant petitions were filed with the collector in March 1948, and that the customs broker testified that he had been unable to locate Mr. Empey since 1945. Although the name of Milton G. Empey is typewritten in the signatory portion of the petitions, the record establishes that the placing of his name thereon

occurred without his knowledge or authorization. From the customs broker's testimony it is clear that he himself had referred the matter to the firm of Lawrence, Tuttle & Harper, who, in turn, prepared the petitions without any authorization from Mr. Empey other than that derived through the said broker, who admitted that he was not authorized by Mr. Empey to file such petitions. Certainly the broker could not have delegated to the firm of attorneys an authority which he himself did not possess. Agents, in substituting others in their place, cannot give any greater authority than that with which they themselves are clothed. *Wright* v. *Ellison*, 68 U. S. (1 Wall.) 16.

Counsel for petitioner in support of the claim that the signature in dispute is sufficient cites cases which hold that a typewritten signature is sufficient. These cases have no application here for the reason that the placing of the name of Milton G. Empey on the petition was done without his knowledge or authorization. In the cases cited the question of an unauthorized signature was not involved. We find that the petitions, not being properly signed, are a nullity.

The petitions being a nullity, the motions to amend the same by adding the name of St. Paul Fire and Marine Insurance Company to petition 6689–R and that of United States Fidelity and Guaranty Co. to petition 6690–R must be denied. Even if the parties named in the motions to amend were proper parties, which is not the case, the original petitions being insufficient there is nothing before us to be amended. Moreover, were the parties named in the motions to amend proper parties to file petitions under section 489, said motions must be denied as untimely, having been filed more than 60 days after liquidation of the entries. This was the holding in the case of *McCabe Brothers by W. F. Mackay* v. *United States*, 1 Cust. Ct. 539, Abstract 40124. There, petitions for remission were filed by parties not entitled to the refund of additional duties and for that reason were dismissed as fatally defective, the court citing *Frederick Richards* v. *United States*, 24 C. C. P. A. (Customs) 243, T. D. 48670. Motions to amend the petitions, to add the names of proper parties, were denied as untimely under said section 489, having been filed more than 60 days after liquidation. We quote from the abstracted decision as follows:

These petitions were filed by parties not entitled to refund of duties and were therefore held to be fatally defective. * * * It was held that were the court to accept so-called amended petitions, which are in fact new petitions, filed by the proper parties in interest, it would be without jurisdiction because the action of the customs authorities became final and conclusive upon all parties at the completion of the sixty-day period after liquidation. The motion to amend was therefore denied and the petitions were dismissed.

In view of our findings as above set forth it is unnecessary to enter into a discussion of the merits. The petitions are dismissed.