**No. 57116.**—Universal Importing Corp. *v.* United States, protest 187419–K (New York).

Ekwall, Judge: This is a protest against the collector's assessment of duty on decorated chinaware, imported from Germany on July 24, 1951, at 70 per centum ad valorem and 10 cents per dozen pieces under paragraph 212 of the Tariff Act of 1930. It is claimed that an error was made in the calculation of the foreign inland freight charges, a correction of which would change the valuation of the merchandise so that it would be dutiable at 45 per centum ad valorem and 10 cents per dozen pieces under paragraph 212, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of April 22, 1948, T. D. 51898.

An examination of the official papers and of the statements made by counsel for the Government and by Irving Goldstein, a witness appearing on behalf of the plaintiff corporation, reveals the following situation: The imported merchandise, consisting of 250 dozen fruit plates, 7½ inches in diameter, was invoiced at a total value of $900, including charges for cartage, inland freight, and insurance in the sum of $40.50. On entry, the latter amount was deducted as nondutiable, making the total entered value $860 or $3.44 per dozen. The merchandise was appraised as entered, and no appeal for reappraisement was filed. Plaintiff now claims that the correct nondutiable charges are $25.60, which would make the total value of the merchandise $874.40 or $3.49 per dozen.

Paragraph 212, as modified, provides that the reduced rate shall apply to plates "over 6⅝ but not over 7⅞ inches in diameter and valued at more than $3.45 but not more than $5.40 per dozen." The classification of the instant merchandise under said provision requires that its value be more than $3.45 per dozen. Thus, the issue attempted to be made concerns the value of the merchandise. It is well settled that that issue must be raised by an appeal for reappraisement and not by way of protest. *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C. D. 165;

*Phil B. Bekeart Co.* v. *United States,* 13 Cust. Ct. 18, C. D. 861; *Ludlow Manufacturing & Sales Co.* v. *United States,* 22 Cust. Ct. 17, C. D. 1150. In the case first cited, the court said (p. 405):

On consideration it is held that questions of the amounts of values on appraisement must be litigated on reappraisement appeal. Also that that principle applies to the amounts of values which indirectly affect the classification by shifting the merchandise, as here, from one classification bracket to another.

While an appraisement may be attacked on protest because those making it "proceeded on a wrong principle contrary to law or transcended the powers granted by statute," *United States* v. *Passavant,* 169 U. S. 16, it is limited to that and an attack upon the amount of the appraised value, no question of law being involved, can only be had on reappraisement appeal.

Since the protest herein attacks the amount of the appraised value, not the validity of the appraisement, it must be dismissed. Judgment will be rendered accordingly.