BEFORE THE THIRD DIVISION, MARCH 12, 1953

No. 57147.—C. F. Eccardt & Co. v. United States, protest 190401–K (New York).

EKWALL, Judge: This case involves an importation of 103 cases of champagne imported into the port of New York from France. Regular customs duty was assessed thereon at the rate of $2 per gallon under the provisions of paragraph 803 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 803), as amended by the General Agreement on Tariffs and Trade (T. D. 51802). The rate of duty applicable to champagne is by statute made dependent upon the value per gallon; if valued at not more than $6 per gallon, the rate is fixed at $2 per gallon; if valued at over $6 per gallon, at $1.50 per gallon. The instant merchandise was found by the appraiser to be valued at less than $6 per gallon. No appeal from that finding of value was taken.

The importer, who appeared on his own behalf, claims that the proper value is the entered value, which is in excess of $6 per gallon, and that, therefore, the $1.50 rate applies.

The collector of customs in his memorandum of transmittal states as follows:

A review of the facts reveal that the Appraiser accepted the entered and appraised unit of value per case of $14.65, but that the bottle charged per case of 60¢ was included in such unit value, thereby making the value of the champagne less than $6.00 per gallon.

It appears that in determining the value of the champagne per se the appraiser followed the ruling of this court in the case of Maynard & Child, Inc. v. United States, 24 Cust. Ct. 215, C. D. 1235, wherein we held that sparkling wine imported in bottles was properly dutiable upon the basis of the value of the wine per se exclusive of the cost of the bottles. In any event, there having been no appeal from the appraised value, such value must stand. (Section 503, Tariff Act of 1930, 19 U. S. C. § 1503.)

At the hearing, counsel for the Government moved to dismiss the protest insofar as it seeks any alteration in the entered and appraised value which has become final under the statute. As the record discloses that the question is one of value and that no claim has been made as to the validity of the appraisement upon which liquidation was based, the motion to dismiss is granted.

Judgment will be rendered accordingly.

No. 57148.—H. W. St. John & Company v. United States, protests 187372–K, etc. (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protests were therefore overruled.