(C. D. 1554)

HEEMSOTH KERNER CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 5, 1953)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This case is before us on a motion to amend the pleading, filed by the plaintiff. Defendant has filed objections to the motion and also filed a cross-motion to dismiss the original pleading on the ground that it does not raise a question over which this court, sitting in classification, has jurisdiction, under section 514 of the Tariff Act of 1930.

The merchandise covered by the involved entry consists of 1,190 drums of caustic soda imported from England. As indicated by the official papers, the drums were assessed at the rate of 12½ per centum ad valorem under paragraph 328 of said tariff act, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T. D. 52373, supplemented by Presidential proclamation, T. D. 52423, which provides, among other things, for "Cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty." The importer, on entry, failed to declare the value of the drums separately, entry being made on September 1, 1950, at a total value for the drums and contents. On September 14, 1950, the appraiser approved the entered value of the caustic soda and appraised the drums separately at 18 shillings each. No appeal for reappraisement was filed, and the entry was liquidated on February 4, 1952. The importer filed the original pleading in the form of a protest on April 1, 1952. Said protest is in the following language:

This shipment covers among other things 1190 drum [sic] of flake caustic soda on which the duty has been assessed on the basis of 18 shillings per drum at 12½ per cent, paragraph 328. We submitted to the collector, a commercial invoice on this item covering this shipment and the value of the drums were shown which they amounted to £642.12.0. for the total cost. The value which was assessed by your office is excessive, and we would appreciate it very much your reviewing the same, since the drum [sic] are of a light gauge metal and worth considerably less than 18 shillings which was assessed by your office.

The only claim in this pleading is that the value placed on the drums is excessive. It is not claimed that they should not have been

assessed under paragraph 328, *supra,* nor that the appraisement was illegal.

Questions relating to the value of merchandise, not involving the legality of the appraisement, must be raised by appeal for reappraisement and not by protest. *United States* v. *Tampa Box Co.,* 15 Ct. Cust. Appls. 360, T. D. 42561; *T. S. Kennedy Co.* v. *United States,* 2 Cust. Ct. 404, C. D. 165; *Phil. B. Bekeart Co.* v. *United States,* 13 Cust. Ct. 18, C. D. 861; *Ludlow Manufacturing & Sales Co.* v. *United States,* 22 Cust. Ct. 17, C. D. 1150; *Universal Importing Corp.* v. *United States,* 30 Cust. Ct. 364, Abstract 57116; *C. F. Eccardt & Co.* v. *United States,* 30 Cust. Ct. 377, Abstract 57147.

Plaintiff claims that when the complaint was made against the assessment on the basis of 18 shillings per drum as being excessive, such complaint was challenging the fact that plaintiff did not receive proper notice of the advance in value. It is, therefore, contended that the proposed amendment merely clarifies claims implied in the protest. The proposed amendment states:

It is further claimed that the liquidation is illegal and void in that it is based upon an invalid or void appraisement in that the requirements of Section 501–(a) of the Tariff Act of 1930 have not been complied with as no notice of appraisement was given by the Collector. * * * Since the appraisement constituted a change in the classification proper notice in compliance with Section 501 should have been given to the importer.

\* \* \* \* \* \* \*

The proposed amendment challenges the legality of the appraisement, an issue which may properly be raised by protest. *United States* v. *Passavant,* 169 U. S. 16; *United States* v. *Gilson Bros.,* 20 C. C. P. A. (Customs) 117, T. D. 45753.

However, it does not appear that this question was raised or in any way implied by the original protest. That claims only that the value is excessive. The first mention of a failure to send a notice of appraisement is to be found in the proposed amendment. Since it is presumed that officials discharge their duties in accordance with law (*United States* v. *Henry W. Peabody & Co.,* 40 C. C. P. A. (Customs) 59, C. A. D. 498), it could not be inferred from the original protest that a notice of appraisement, if required, had not been sent nor that the appraisement was claimed to be invalid.

Since the original protest claims only that the value is excessive, it is subject to dismissal for want of jurisdiction on the part of the court sitting in classification. *Allen Forwarding Co.* v. *United States,* 59 Treas. Dec. 1433, T. D. 44986 (dismissed on appeal, T. D. 45646), and cases above cited.

Having arrived at the conclusion that the original protest does not raise a justiciable issue, we must determine whether it may be amended to include a question which may properly be considered by this court.

The rule in customs cases is that a protest may be amended to include new claims so long as they refer to the same merchandise. *United States* v. *Macksoud Importing Co.*, 25 C. C. P. A. (Customs) 44, T. D. 49041; *United States* v. *Weigert-Dagen*, 39 C. C. P. A. (Customs) 58, C. A. D. 464; *Max Block & Co., Inc.* v. *United States*, 65 Treas. Dec. 1560, Abstract 28178; *Harry Redfern* v. *United States*, 73 Treas. Dec. 197, T. D. 49390; *Olavarria & Co., Inc.* v. *United States*, 20 Cust. Ct. 197, C. D. 1110, affirmed *sub nom United States* v. *Olavarria & Co., Inc.*, 37 C. C. P. A. (Customs) 40, C. A. D. 417. Such claims are not considered new and separate causes of action which are barred by the statute of limitations. *United States* v. *Macksoud Importing Co., supra.* In conformity with these rulings, if the original protest herein had raised an issue in classification, the motion to amend to add new claims as to the merchandise would be good. Here, however, the original protest is not valid.

A protest attacking the action of the appraiser in adding export tax to the value of the merchandise can not be amended by adding claims as to the classification of the merchandise. *American Trading Co.* v. *United States*, 58 Treas. Dec. 462, T. D. 44340. The court, in so finding, said:

\* \* \* The plaintiff having invoked the wrong remedy and the court having no jurisdiction to determine the question of appraisement raised by the protest, we think it would be improper, in the exercise of a sound discretion, to permit amendments in respect to the classification of the merchandise.

In cases involving protests against processing taxes brought under the Agricultural Adjustment Act, it was held that after the court had been divested of jurisdiction over the protests, they could not be amended to add classification claims under the tariff act. *Chew Yuen Gee* v. *United States*, 6 Cust. Ct. 267, C. D. 479; *Shun On & Co.* v. *United States*, 7 Cust. Ct. 272, Abstract 46354; *Nippon Import & Trading Co.* v. *United States*, 8 Cust. Ct. 205, C. D. 605. In the *Chew Yuen Gee* case, the court used the following language:

This case is not within the category of those cases where an amendment relates back to an original cause of action in such a way as to toll the statute against the amendment, because at the time of the presentation of the proposed amendment the court had no case within its jurisdiction involving the merchandise covered by the entries.

This court has also held that petitions for remission, filed under section 489 of the Tariff Act of 1930, may not be amended where invalid. *McCabe Brothers* v. *United States*, 1 Cust. Ct. 539, Abstract 40124; *Milton G. Empey* v. *United States*, 23 Cust. Ct. 73, C. D. 1194. In the case last cited, the court said that the petitions were a nullity and, therefore, there was nothing to be amended.

In view of these authorities, it is evident that the protest herein, being a nullity, cannot be amended.

The amendment may not be accepted as a new protest since it is untimely, having been filed more than 60 days after liquidation.

Plaintiff's contention that the amended pleading herein should be considered as a timely appeal for reappraisement, on the theory that the collector should have furnished a written notice of appraisement, is untenable. The pleading, even were the court to consider it an appeal for reappraisement under section 501 of the Tariff Act of 1930, as amended, is untimely, having been filed more than 60 days after appraisement.

It may be noted in passing that the original pleading was written by an established firm of customs brokers whose letterhead shows it has representatives throughout the world. Such customhouse brokers are licensed and, it is presumed, must be fully conversant with customs law and procedure.

For the reasons above set forth, the motion to amend is denied. The motion of defendant to dismiss the case for lack of jurisdiction is granted.

Judgment will be rendered accordingly.