BEFORE THE SECOND DIVISION, JANUARY 9, 1961

**No. 65028.**—Trinity Episcopal Church *v.* United States, protest 59/31946 (Los Angeles).

FORD, Judge:   The merchandise covered by the above protest consists of a frontal (material which covers the front of an altar) and a dorsal (a curtain for behind an altar), which were purchased in England by the Reverend John deBoer Cummings, the rector of the plaintiff, for his own account as a gift to plaintiff church.   These articles were classified by the collector of customs at Los Angeles as silk articles, ornamented, under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and were assessed with duty at the rtae of 42½ per centum ad valorem.

It appears that the Reverend Cummings, upon returning to the United States, had purchases valued at less than $50, which he declared under his personal exemption.   It further appears that the Reverend Cummings did not indicate to the custom officials that the involved altar vestments, which were valued at $187, were to follow, since he was of the opinion that the articles were entitled to free entry as articles for the use of his church.

The merchandise was released by the postmaster at Redlands, Calif., upon the declaration of free entry claimed by the Reverend Cummings on customs Form 3423.   Subsequently, the postmaster was directed to collect duty on the involved altar vestments, since the collector was of the opinion that said merchandise did not fall under the provisions for regalia.

At the trial, Mr. Jack Aldred Beaver, a vestryman of plaintiff, testified on behalf of plaintiff.   Mr. Beaver, after indicating the above facts, also was of the opinion that the value of the altar vestments was a wholly fictitious value, since the articles were designed for the altar of plaintiff's church and were produced by a nonprofit charity guild.   Mr. Beaver also objected to this assessment if any part of the payment was a penalty or interest.

Plaintiff herein not having filed an appeal for reppraisement, the question of the value being fictitious cannot be considered at this time by the court. The provisions of title 19, Code of Federal Regulations, section 9.10(b), footnote 8, provide as follows:

Liquidation of mail entries are subject to protest as in the case of formal entries.   Importations in the mails are not subject to appeal for reappraisement unless formal entry has been made.

Accordingly, there is no provision to question the value of merchandise covered by a mail entry.   See *Phil. B. Bekeart Co.* v. *United States*, 13 Cust. Ct. 18, C.D. 861.

An examination of the official papers indicates that the assessment of duty herein at the rate of 42½ per centum ad valorem is based upon the classifica-

tion of the merchandise under paragraph 1529 (a) of the Tariff Act of 1930, as modified, *supra*, and does not consist of a penalty or interest.

In spite of the fact that the Government stipulated that "if the minister had declared them as part of his personal purchases they would have come in under his personal exemption, and they wouldn't have paid duty," the Reverend Cummings, in having failed to declare and indicate that the altar vestments were to follow, is precluded from utilizing his personal exemption for this merchandise under the provisions of paragraph 1798(h) of the Tariff Act of 1930, as amended, which reads:

The Secretary of the Treasury shall prescribe methods and regulations for carrying out the provisions of this paragraph. No exemption provided for in this paragraph shall be applied to an article which is not declared in accordance with such regulations.

The question of free entry for altar vestments, such as frontals and frontlets, as parts of altars, has been decided adversely to the importer in the case of *St. Alban's Episcopal Church* v. *United States*, 22 C.C.P.A. (Customs) 366, T.D. 47387. Accordingly, it would appear that insofar as the frontal is concerned, it would not be entitled to entry free of duty as parts of an altar under the provisions of paragraph 1774 of the Tariff Act of 1930, as amended. Based upon the record in this case and the review of the evidence in the decision in the *St. Alban's Episcopal Church* case, *supra*, said case would also appear to be controlling with respect to the dorsal involved herein. See also *Christ Episcopal Church* v. *United States*, 58 Treas. Dec. 1075, Abstract 13657, wherein altar frontals, frontlets, pulpit hangings, and bookmarkers were held not to be parts of altars; *E. L. McConnaughey & Co., Inc.* v. *United States*, 55 Treas. Dec. 1192, Abstract 8959, wherein certain antependia, coperture, cuscini, and drappo, required according to the canons of the Roman Catholic Church, were held not entitled to entry free of duty as parts of altars.

The letter protest refers to the denial of free entry by the collector, since he did not believe the altar vestments fell within the purview of regalia. Paragraph 1773 of the Tariff Act of 1930, as amended, describes the term "regalia" as follows:

* * * but the term "regalia" as herein used shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution, and shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

In addition thereto, paragraph 1773, *supra*, requires that articles of regalia be imported "for the use of, either by order of or for presentation (without charge) to" a religious organization. The evidence adduced herein indicates that Reverend Cummings purchased the involved articles for his own account with the intent of presenting them to his church. This does not fulfill the requirements of said paragraph 1773. *St. Stanislaus Church* v. *United States*, 63 Treas. Dec. 882, T. D. 46406.

Accordingly, it would also appear that the involved altar vestments do not fall within the provisions for regalia.

The appellate court summed up the legal problem involved herein in the *St. Alban's Episcopal Church* case, *supra*, as follows:

Paragraph 1774, *supra*, is limited, as was paragraph 1674 of the Tariff Act of 1922, as stated by Judge Tilson in the *McConnaughey* case, *supra*, to the articles enumerated therein and parts thereof. It does not provide for all articles used solely for religious purposes, when "imported in good faith for presentation (without charge) to, and for the use of, any corporation or association, organized and operated exclusively for religious purposes." Why the Congress did not so provide, we are not advised, nor is it of concern in the determination of this issue.

In view of the foregoing, under the law as it presently stands, we are constrained and have no alternative but to deny entry free of duty to the frontal and dorsal involved herein, and to overrule the protest.

Judgment will be issued accordingly.