No. 65799.—Galsgaard-Pfaff *v.* United States, protest 60/19823 (Seattle).

RICHARDSON, Judge: When this case was called on the Seattle calendar, defendant moved to dismiss on the ground that "the protest is not so much against liquidation, but rather it is an appeal for reappraisement, a question involving value only, and untimely at this time * * * that value is final and conclusive now."

The motion to dismiss was taken under advisement by the court, and time was allowed for the filing of briefs.

The merchandise involved consists of candles, imported from Denmark and entered at the port of Seattle by B. R. Anderson & Co. for the account of the plaintiff, Galsgaard-Pfaff. The candles were appraised on October 28, 1958, at a value higher than the entered value. It appears that notice of appraisement, as required by 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930), as amended,[1] was given to the plaintiff's agent, for there is in evidence as part of the official papers, what purports to be a carbon copy of notice of appraisement, prepared on customs Form 4301, dated January 13, 1959, and addressed to B. R. Anderson & Co., advising that the appraised value exceeds the entered value. In the absence of evidence to the contrary, it is to be presumed that the original notice was mailed to and duly received by the addressee.

On April 20, 1959, the collector of customs liquidated the involved entry on the basis of the appraised value, with a resultant increase in duty. Thereupon, plaintiff, within 60 days of the liquidation, filed with the collector the instant protest, the body of which reads as follows:

We protest the increase of duty on entry CE 2174 dd. August 24, 1955.

The increase [*sic*] duty we beleive [*sic*] brings the price to the retail level. The 40% discount to create wholesale was explained by the manufacturer in a letter filed with B. R. Anderson for inclusion in the entry.

At the trial, Mrs. Greta Galsgaard-Pfaff, who was not represented by counsel, was asked by the court to state her claim and tell what her suit involved. In response to this request, the witness made the following statement:

Well, we have been importing, amongst other things, some candles. When we got the invoice, they quoted us a price, minus 40% * * *. I claim that the 40% is an actual legal deduction; that we have a right to deduct the 40%.

\* \* \* \* \* \* \*

Well, the invoice listed the price that was the retail price, minus 40%, which is the price we are supposed to pay, and to substantiate that I have a price list from over there which shows the retail price, and that was the same as was listed on the invoice that customs took here. Under that invoice it said minus the 40%, and this is what customs officials have disallowed. So actually what we have paid customs on is the same as the retail price, more than we actually paid, or more than anybody else paid for it.

---

[1] [19 U.S.C.A.], § 1501. Notice of appraisement; reappraisement

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

It is contended in the memorandum filed on behalf of the defendant that the papers before the court, together with the testimony of Mrs. Galsgaard-Pfaff, clearly indicate that the protest does not challenge any action of the collector, but merely attacks the appraiser's determination of value. With this contention, we are in agreement. It is evident from the quoted statement of Mrs. Pfaff and from a reading of the purported protest in the light thereof, that plaintiff's dissatisfaction is not with any action or decision of the collector, but rather is with the appraiser's finding of value. The essence of the plaintiff's complaint appears to be that a discount of 40 per centum should have been, but was not, deducted from the invoice price in determining the dutiable value of the merchandise in issue. This clearly presents a question as to the correctness of the appraised value, which cannot be litigated in a proceeding initiated by protest.

It is well settled that the remedy of an importer, if dissatisfied with the appraised value of imported merchandise, is not by protest, but rather by timely appeal for a reappraisement. *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C.D. 165; *Hayim & Company* v. *United States*, 45 Cust. Ct. 238, Abstract 64443.

There is an implication in the record that plaintiff's failure to file such an appeal with respect to the instant merchandise may have stemmed from the fact that she was not notified of the appraisement at an advance in value, although notice of such advance was given to her authorized broker. This is an unfortunate circumstance, but one that cannot now be remedied, for the value of the instant merchandise, as determined by the appraiser, has become final and binding upon all parties under the provisions of section 1501, as amended, *supra*, and may not now be attacked.

Defendant's motion to dismiss the protest is granted. Judgment will be rendered accordingly.