(C. D. 1984)

JULIUS H. GOLDSTEIN AND HARRY GOLDSTEIN, D. B. A.
LEE PRODUCTS CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided April 22, 1958)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, (*Daniel I. Auster*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: The merchandise which is the subject of this action consists of folding scissors entered and appraised at 60 cents per dozen, on which the collector assessed duty at 22½ per centum ad valorem, plus 7½ cents each, under paragraph 357 of the Tariff Act of 1930, as amended. Under the provisions of this paragraph, the rate of duty is regulated by the value of the merchandise. Therefore, scissors, valued at not more than 50 cents per dozen, are not subject to the same rate of duty as those valued at more than 50 cents per dozen. The plaintiff has filed a protest expressing dissatisfaction with the rate of duty assessed by the collector, wherein it was stated, *inter alia*:

The invoice filed with the entry showing the price as 60¢ per dozen included Consular Fee, Transport and F. O. B. Charges. A corrected invoice dated Sept. 12, 1951 shows these amounts as $29.60. Deducting these charges from the price of 60¢ per dozen would make the net price of the scissors at 50¢ per dozen.

In assessing the rate of duty on these scissors, the appraiser failed to deduct these non dutiable charges from the invoice price and the Collector assessed the

rate of duty as 7½¢ each, plus 22½¢; whereas the rate should be 1¾¢ each, plus 22½% under Par. 357 of the Tariff Act. The entry was liquidated August 31, 1955.

At the hearing, the official papers transmitted to the court by the collector were received in evidence, and the case was submitted without the introduction of testimony. An examination of these papers reveals that the unit value for the merchandise as stated on the consular invoice was 60 cents per dozen. There was no specification of charges thereon. It appears that the plaintiff objected to the amount of estimated duties at the time the merchandise was entered and, according to his statement, at the suggestion of the collector he decided to "file an entry and put it in bond" and to sell it "if we couldn't get the exact duty straightened out."

On February 20, 1952, the merchandise came under the observation of the appraiser and was appraised at the entered unit value of 60 cents. At that time, there was nothing before the appraiser to indicate to him that certain charges were included in the value as shown on the invoice filed with the entry. A year and 10 months after the date of appraisement, the plaintiff wrote a letter to the United States deputy collector of customs at Atlanta, Ga., under the date of December 12, 1953, and enclosed therein a "corrected invoice," which indicated that the unit price of 60 cents, as shown on the original invoice, included the charges for consular fee, transport, and f. o. b. charges, as claimed in the protest, *supra*. The corrected invoice showed a unit value of 50 cents per dozen.

The merchandise was not withdrawn from the bonded warehouse within the 3-year period prescribed in 19 U. S. C., section 1559 (section 559 of the Tariff Act of 1930), and, as a result, was sold at public auction for an amount insufficient to satisfy the duty assessed thereon. The collector liquidated the entry on the basis of the appraised value, and the plaintiff was billed for the deficiency in duty, the payment of which it seeks to avoid by this action.

Although plaintiff states that it is protesting the rate of duty, it appears that the real issue raised by the protest herein is one of value. Plaintiff complains that the appraiser failed to deduct the allegedly nondutiable charges from the invoice price and that the collector should have assessed the merchandise at the rate of 1¾ cents each, plus 22½ per centum, instead of 7½ cents each, plus 22½ per centum, under paragraph 357 of the Tariff Act of 1930, as amended. Under the provisions of this paragraph, the rate of duty that plaintiff is contending for is applicable to scissors, valued at not more than 50 cents per dozen. The rate used by the collector in liquidating the entry was the rate applicable to scissors, valued at more than 50 cents per dozen and not more than $1.75 per dozen. There is no question raised as to the classification of the merchandise. Nor does plaintiff contend that the collector

applied a rate inappropriate to the value as found by the appraiser. Stripped to its bare essentials, plaintiff's contention is that the value of the merchandise (scissors) is 50 cents per dozen rather than 60 cents per dozen and that it is, therefore, subject to the rate of duty applicable to imported scissors of that value. It is plain that value is the very essence of plaintiff's complaint.

Clearly, plaintiff has mistaken its remedy. As we have stated before, the merchandise was entered at a unit value of 60 cents per dozen and appraised at that value. In liquidating the entry, the collector took as the dutiable value the final appraised value, as is required by 19 U. S. C., section 1503 (c) (Tariff Act of 1930, section 503 (c)), and applied the appropriate rate of duty thereto. If plaintiff disagreed with the value as found by the appraising officer, it should have filed an appeal for reappraisement under 19 U. S. C., section 1501 (section 501 of the Tariff Act of 1930). This court has held in several decisions that, if no question of law is involved, the amount of customs value can only be litigated by an appeal to reappraisement and cannot be attacked by presenting evidence that such amount was erroneous upon protest of the collector's liquidation. See *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C. D. 165; *Phil. B. Bekeart Co.* v. *United States*, 13 Cust. Ct. 18, C. D. 861; and *Ludlow Manufacturing & Sales Co.* v. *United States*, 22 Cust. Ct. 17, C. D. 1150.

The corrected invoice presented to the collector some 18 months subsequent to the appraisement was too late to aid the plaintiff in establishing value. The entry could not be amended, as the consignee or his agent may make in the entry additions to or deductions from the cost or value given in the invoice only at the time entry is made, or before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement. 19 U. S. C., section 1487 (section 487 of the Tariff Act of 1930); *D. C. Andrews & Co.* v. *United States*, 29 C. C. P. A. (Customs) 131, C. A. D. 182; *United States* v. *A. Hirschberg*, 42 C. C. P. A. (Customs) 61, C. A. D. 571. Nor could the appraiser alter or modify his appraisement to conform to the value shown on the corrected invoice, even though, in a later report to the collector, he expressed the opinion that it was the correct value. The principle was well established at the time of this importation that it is beyond the power of the appraiser to modify or amend his return as to value after it has been lodged with the collector. *Stahel* v. *United States*, 55 Treas. Dec. 570, T. D. 43315; *United States* v. *Dorn*, 13 Ct. Cust. Appls. 130, T. D. 40961; *Ainslee Knitting Machine Co., Inc.* v. *United States*, 69 Treas. Dec. 954, T. D. 48339; *Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T. D. 39980.

Plaintiff professes a certain lack of familiarity with customs law and procedures and attributes the situation in which it now finds itself

to that lack. Its conduct with regard to this entry lends credence to the statement. However, we find that we are powerless to remedy plaintiff's mistake and grant the relief requested. The protest is dismissed for the reasons stated.

Judgment will be rendered accordingly.