(C. D. 1850)

MALHAME & Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 28, 1957)

*Sharretts, Paley & Carter* (*Jerome Fisch* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: The merchandise involved in this case consists of prayer books, assessed with duty at the rate of 12½ per centum ad valorem under paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with Belgium, T. D. 47600, as prayer books of other than foreign authorship and not specially provided for. The classification is not challenged by the protest, but it is claimed that the collector failed to liquidate on the basis of the final appraised value; that, in deducting United States customs duty, he calculated that duty on the basis of the invoice prices and not on the basis of United States value.

This case has been submitted on the official papers, including the collector's letter and the duress certificate.

It appears from these papers that this merchandise was imported from Belgium along with other items and was entered at the port of New York on October 11, 1946. The value given in the entry for an item which includes this merchandise was $2,837, but it was noted on the entry that certain amounts had been added to meet advances made by the appraiser in similar cases, and three entries were cited as test cases. These same entries are cited on the back of the duress certificate, which gives the invoice value of this merchandise as $2,045.64, the addition as $514.02, and the entered value as $2,559.66. This amount and the sum of $278 covering other merchandise make up the item of $2,837 appearing on the entry. On the face of the duress entry, is a notation made by the examiner on May 5, 1947, stating that the importer's citations were not correct. There is also a notation in pencil, "No allowance."

The merchandise was appraised as entered on May 7, 1947, and an appeal for reappraisement was taken. Values were found as to certain leather-bound prayer books, not here involved, following *United States* v. *Malhame & Co., Charles Happel*, 39 C. C. P. A. (Customs) 108, C. A. D. 472, but the appeal was dismissed as to all other merchandise. *Malhame & Co.* v. *United States*, 31 Cust. Ct. 373, Reap. Dec. 8237 (June 26, 1953). This entry was liquidated on August 11, 1954, and duty was assessed on the entered value.

Plaintiff states in its brief:

The merchandise was entered and appraised on the basis of United States value The United States selling price found by the appraiser, less the statutory deductions, is the basis of the final appraised value.

However, the appraiser in computing the statutory United States value made allowance for the customs duties on the basis of the invoice value and not, as the plaintiff contends he should have done on the basis of the United States selling price, less the other statutory deductions.

*       *       *       *       *       *       *

The plaintiff contends that the last step of the computation by the appraiser in determining United States value was in error, and not in accordance with the established decisions of this court.

Although the protest claims that the liquidation was not made on the basis of the final appraised value, plaintiff is now contending that the appraised value was erroneous. No allegation is made that the appraisement was illegal. If there was error in the appraisement, plaintiff had a complete remedy in the reappraisement proceeding and may not bring up the issue by way of protest. *Gerhard & Hey Co., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 655, T. D. 47634.

Since the decision in the reappraisement proceedings has not been appealed, the appraised value has become final and conclusive on all parties. There was no error in the collector's liquidation on the basis of

the final appraised value, nor is there any issue before us as to duress, inasmuch as the appraisement was at the duress valuation.

The protest is overruled and judgment will be rendered for the defendant.