**No. 63355.**—Nanco, Incorporated *v*. United States, protest 236807–K (Los Angeles).

JOHNSON, Judge: In the protest involved in this case it is claimed:

Your assessment of duty at 55% ad valorem under Paragraph 1527 of the Tariff Act of 1930 as amended, upon a value of $313, is excessive in that you have failed to make full allowance for entry free of duty under Paragraph 1615 of the Tariff Act of 1930 as amended of merchandise of American manufacture or production returned to the United States without having been advanced in value or improved in condition, and without any drawback, bounty or allowance having been paid upon the exportation thereof; or, in the alternative, that the computation of a dutiable value of $313 on which duty has been assessed at 55% under Paragraph 1527 as aforesaid, is in error.

This case has been submitted on a stipulation, reading as follows:

1. That due to various clerical errors in the liquidation arising from a failure to allow the proper values free of duty under Paragraph 1615, duty at 55% ad valorem was incorrectly assessed on a value of $313.00, whereas the correct dutiable value of 55% ad valorem should be $93.00.

2. That this protest may be deemed submitted on this stipulation and the record thus made.

This same entry was before the court in *Nanco, Incorporated* v: *United States,* 40 Cust. Ct. 366, C. D. 2007, involving a protest against the collector's assessment of duty on watches at various rates under paragraphs 376, 1211, 1527, and/or 1531 of the Tariff Act of 1930, as modified. We there held that the merchandise covered by the protest, except the waterproof and chronograph watches in package 55, was entitled to free entry under paragraph 1615 of said tariff act, as amended, as American goods returned. The collector was directed to reliquidate the entry accordingly. The same entry is also before the court in *Nanco, Incorporated* v. *United States,* protest No. 236806–K, decided herewith, wherein we hold that stone rings assessed with duty at 60 per centum ad valorem under paragraph 1527(a) of the Tariff Act of 1930, as modified, are also free of duty as American goods returned.

If the issue presented for decision herein were one involving the dutiable value of particular items of merchandise, the protest would have to be dismissed, as such issue must be raised by way of appeal for reappraisement and not by way of protest. *Heemsoth Kerner Corporation* v. *United States,* 31 Cust. Ct. 113, C.D. 1554, and cases cited; *Malhame & Co.* v. *United States,* 38 Cust. Ct. 108, C.D. 1850.

However, on the basis of the protest and the stipulation, we construe the claim in the instant case to be that duty at 55 per centum ad valorem under paragraph 1527 should have been assessed on articles having a total value of $93, instead of on articles having a total value of $313, on the ground that proper allowance was not made for free entry of some of the articles under paragraph 1615, as American goods returned. There is nothing in the record to indicate what articles were covered by the collector's alleged erroneous assessment, which ones should not have been included, which ones, if any, are entitled to free entry as American goods returned, or whether any of them were covered by the above-mentioned decisions. Since reliquidations have been directed in those cases, allowing free entry to a large number of articles, including some assessed with duty under paragraph 1527, it may be that such reliquidations have corrected or will correct the errors alleged in this protest.

For the reasons stated, the protest is overruled. Judgment will be rendered accordingly.