BEFORE THE THIRD DIVISION, JANUARY 4, 1961

No. 65020.—Nanco, Incorporated *v.* United States, protest 236807–K (Los Angeles).

JOHNSON, Judge: It is claimed in this protest that full allowance was not made by the collector for articles included in an item totaling $313, alleged to be entitled to free entry under paragraph 1615 of the Tariff Act of 1930, as amended, as American goods returned, or that the computation of said item of $313 was incorrect.

When this protest first came before us, it was overruled on the ground that there was nothing in the record to indicate what articles were covered by the collector's alleged erroneous assessment of duty, which ones should not have been included, which ones, if any, were entitled to free entry as American goods returned, or whether any of them was covered by other decisions rendered by this court involving the same entry. *Nanco, Incorporated* v. *United States,* 43 Cust. Ct. 342, Abstract 63355. Thereafter, upon motion of plaintiff, the judgment rendered on said decision was vacated and set aside and the case restored to the calendar for all purposes. *Nanco, Incorporated* v. *United States,* 44 Cust. Ct. 300, Abstract 63671.

The case has been resubmitted on a stipulation of counsel reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, as to the merchandise covered by the protest enumerated in the annexed schedule, which is incorporated herein:

1. That on liquidation of the entry the subject of this suit, certain clerical errors occurred in the Collector's computation, of the value of those articles of merchandise covered by the invoice and entry the subject of this suit which are subject to assessment of duty at 55% under Par. 1527 of the Tariff Act of 1930, as follows:

(a) That a clerical error was made in addition of those items which the Collector of Customs intended to pass free of duty under Par. 1615, resulting in a deduction of non-dutiable items in the sum of only $422.00, whereas the merchandise subject to assessment of duty at 55% under Par. 1527 if dutiable, but returned free of duty by the Collector of Customs in fact totalled $455.00; that as a result of said clerical error in addition an over-assessment of duty at 55% ad valorem on a value of $33.00 occurred.

(b) That a further clerical error occurred in including in the items subject to duty at 55% under Par. 1527, a sum of $75.00 covering pearl necklaces, which had already been included in a gross figure of $331.00, of which $256.00 was allowed free, and that as a result, duty was assessed twice upon the one sum of $75.00 covering that portion of the pearl necklaces which were subject to duty.

2. That said entry included, on 3 Sheet 1 dated 11–7–46 of the invoice photostat pages, Package Nos. 33 and 34, which covered certain pins and pin and earring sets of a total value of $220.95; that of this total, a sum of $108.75 was allowed free as covered by Shipper's Export Declaration No. 438 duly filed in connection with the entry, and that duty was assessed at 55% ad valorem on the balance of pins valued at $112.20. That the certificate of exportation on file with the official papers herein bears the red-ink notation of initials "JCT" by John C. Townsend, formerly Deputy Collector of Customs in Charge of the Liquidating Division, indicating that the merchandise covered by Shipper's Export Declaration No. 438 included women's pins of a value shown in red ink of $866.00. That the total quantity of pins and pin and earring sets contained in Packages 33 and 34, do not exceed in value the sum of $866.00, and should accordingly have been allowed entry free of duty; that a clerical error was made in the liquidation of the entry, in allowing only $108.75 free of duty and including as dutiable such merchandise of a value of $112.20.

3. That due to said clerical errors in the liquidation referred to above, duty at 55% ad valorem was incorrectly assessed on a value of $313.00, whereas the correct dutiable value at 55% ad valorem should be only $93.00.

4. That the requirements of the Customs Regulations with respect to the filing of Customs Forms 3311 and 4467 have been duly complied with insofar as the merchandise covered by the invoices and entry the subject of this protest is concerned.

5. That this stipulation and all of the documents to which it refers may be incorporated herein, considered as having been received in evidence herein, and made a part of the record in this protest.

6. That this protest may be deemed submitted on this stipulation and the record thus made.

It appears that the original liquidation included an assessment of duty at 55 per centum ad valorem on articles having a total value of $313. It further appears that this item was not involved in the reliquidation of November 28, 1958, which followed our decision in *Nanco, Incorporated* v. *United States*, 40 Cust. Ct. 366, C.D. 2007.

On the record presented and in view of the above stipulation, which is accepted as an agreed statement of facts, we hold that, due to an error in computation, duty was assessed upon articles having a total value of $33, which articles are entitled to free entry under paragraph 1615 of the Tariff Act of 1930, as amended, as American goods returned; that $75 should be deducted from the total of $313, assessed with duty at 55 per centum ad valorem, as the item which it covers was included twice; that certain pins contained in package Nos. 33 and 34, valued at $112.20 are entitled to free entry under said paragraph 1615, as American goods returned; and that the balance of the merchandise covered by the item totaling $313, having a value of $93, is properly dutiable at 55 per centum ad valorem under paragraph 1527 of said tariff act, as amended.

The protest is sustained and judgment will be rendered accordingly.